United States District Court
Southern District of Texas
**ENTERED**
November 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTHONY MARTIN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-04057 |
| § | |
| HOME DEPOT U.S.A. INC § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Pending before the Court is the defendant's, Home Depot U.S.A. Inc, motion for summary judgment (Dkt. No. 10). The plaintiff, Anthony Martin, has filed a response to the defendant's motion (Dkt. No. 12), and the defendant has filed a reply (Dkt. No. 14). After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that the defendant's motion should be **GRANTED** .

### II. FACTUAL BACKGROUND

The plaintiff's case arises from a workplace injury. The plaintiff was employed by the defendant as a freight associate in Houston, Texas. On October 1, 2021, he was injured while removing a heavy item from overhead storage shelving in the course of his employment. At the time of the incident, he had been employed in this position for over ten years.

### III. CONTENTIONS OF THE PARTIES

The defendant argues that the plaintiff cannot establish a genuine dispute of material fact as to his negligence claims. The defendant contends that the undisputed evidence shows that the defendant did not owe a duty to provide additional assistance to the plaintiff. The

defendant further contends that it did not breach its duty to train the plaintiff. Finally, the defendant contends that under any theory of negligence, the plaintiff cannot establish the requisite proximate cause for his claimed injuries.

The plaintiff responds first by moving the Court for a continuance. In the alternative, he argues that there are genuine disputes of material fact as to the duty and breach elements of his negligence claim. The plaintiff also argues that there are genuine disputes of material fact as to the proximate cause of his injuries.

The defendant's reply opposes the plaintiff's motion for a continuance and reiterates the positions put forward in its motion. Further, the defendant objects to the plaintiff's affidavit as summary judgment evidence.

### IV.   STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id.* (internal citations omitted). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting

*Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, (1986)).

V.   **ANALYSIS & DISCUSSION**

   a. **Plaintiff's motion for a continuance**

The Court first turns to the plaintiff's motion for a continuance. The plaintiff argues that a continuance is appropriate because adequate time for discovery has not passed and, as a result, he has not been able to determine whether the defendant's training program complies with the Occupational Safety and Health Administration's ("OSHA") rules, regulations, and guidelines.

"When a party requests a continuance of a summary judgment motion to conduct discovery, the moving party must ... (1) 'demonstrat[e] ... specifically how the requested discovery pertains to the pending motion,' and (2) 'diligently pursue relevant discovery.'" *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 413 (5th Cir. 2021) (quoting *Campbell Harrison & Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*, 744 F. App'x 192, 197 (5th Cir. 2018)). To satisfy the first requirement, the party moving for a continuance must explain "'*how* the additional discovery will create a genuine issue of material fact.'" *Id.* (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993) (emphasis in original)). The party moving for a continuance must also offer a plausible basis for believing that such specific facts exist. *Jacked Up, LLC v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017).

The plaintiff asserts that he is seeking further information on the defendant's training program compliance with OSHA guidance; however, he has failed to identify a plausible basis for believing that the defendant's training program violated OSHA's rules, regulations, or guidelines. The plaintiff's surviving claim sounds only in negligence, not in violations of OSHA's rules, regulations, or guidelines. Hence, the plaintiff has not explained how violations of OSHA's rules, regulations, or guidelines would establish negligence on the part of the defendant in the circumstances of his injury.

Docket entries show that, the plaintiff filed his case in state court on September 18, 2023, and that case was removed to this Court on October 25, 2023. The plaintiff did not move to compel these documents or a deposition on this issue during the discovery period. *Cf. Jacked Up LLC,* 854 F.3d at 816. Hence, the plaintiff has not previously "sought judicial assistance" on this account prior to the defendant's summary judgment motion. *Id.* Based on the length of time this case has been pending as well as the plaintiff's failure to seek judicial assistance prior to the defendant's motion, the plaintiff cannot establish that he has diligently pursuing discovery on this issue. The plaintiff's motion for a continuance is denied.

### b. Plaintiff's affidavit

Before addressing the substance of the defendant's motion, the Court must determine whether or not the plaintiff's affidavit is admissible as summary judgment evidence. The defendant argues in its reply that the affidavit should be rejected under the 'sham affidavit doctrine.'

The standard for applying the "sham-affidavit doctrine" requires that the affidavit be "'inherently inconsistent' with prior testimony." *Seigler v. Walmart Stores Texas, LLC*, 30

F.4th 472, 477 (5th Cir. 2022) (citing *Winzer v Kaufman Cnty.*, 916 F.3d 464, 472 (5th Cir. 2019)). A party's affidavit containing "detailed testimony from personal knowledge" beyond "conclusory allegations, speculation, and unsubstantiated assertions" is appropriate summary judgment evidence that may create a dispute of material fact. *Bargher v. White*, 928 F.3d 439, 446 (5th Cir. 2019). It may also supplement prior testimony. *Seigler*, 30 F.4th 472, 477 (5th Cir. 2022). Therefore, a court "'cannot disregard a party's affidavit merely because it conflicts to some degree with an earlier deposition.'" *Id.* (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir. 1980)).

The defendant contends, however, that the plaintiff's affidavit contradicts his deposition testimony as to whether he requested further assistance prior to the incident. The plaintiff's prior deposition testimony indicates that he did not request assistance immediately prior to the incident. The plaintiff's affidavit attached to his response to the defendant's motion for summary judgment indicates that he notified at least two individuals at an unspecified time prior to the incident that he could not perform his job duties as assigned. However, his affidavit does not indicate that immediately prior to the incident he requested assistance, only that he knew no other employees would be able or available to assist him. These two propositions neither directly conflict with each other nor meet the high standard required for the application of the 'sham affidavit doctrine. Hence, the Court will consider the plaintiff's affidavit as summary judgment evidence.

### c. Negligence Claim

To prevail on a negligence claim, the plaintiff must show that: "(1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; and (3) the breach was the proximate

cause of the plaintiff's damages." *Molina v. Home Depot USA, Inc.,* 20 F.4th 166, 169 (5th Cir. 2021). Whether a duty exists is a threshold question of law to be determined by the Court and liability cannot be imposed if no duty exists. *Kroger v. Elwood,* 197 S.W.3d 793, 794 (Tex. 2006) (per curiam).

An employer owes a continuous, non-delegable duty to provide its employees with a safe workplace. *See Austin v. Kroger Texas, L.P.,* 746 F.3d 191, 199 (5th Cir. 2014) (citations omitted). As the Fifth Circuit Court of Appeals has recognized, however, the Texas Supreme Court has established that an employer is not liable when an employee's injury results from performing the same kind of work that employees in the same or similar position have always performed so long as the work is not unusually precarious. *See Austin,* 746 F.3d at 201 (5th Cir. 2014) (citing *Elwood*, 197 S.W.3d at 795, *Jack in the Box, Inc. v. Skiles*, 221 S.W.3d 566, 569 (Tex. 2007), *Brookshire Grocery Co. v. Goss*, 262 S.W.3d 793, 794 (Tex. 2008), and *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 413 (Tex. 2009)). Therefore, an employer has no additional duties to an employee where the danger is already known to that employee. *Id.*

Here, it is undisputed that the plaintiff had worked for the defendant for over ten years performing the same kind of work that he had performed prior to his injury. It is also undisputed that the plaintiff knew how to use the equipment provided to him in that work. Moreover, the plaintiff does not claim that the type of work he was doing at the time of the injury was unusually precarious. Hence, the work was the same as his usual duties.

The plaintiff cites *Mejia v. Home Depot U.S.A., Inc.,* No. 3:22-CV-2266-D, 2024 WL 406648 (N.D. Tex. Feb. 2, 2024) in support of his position that the defendant owed him the

claimed duties. However, that case addresses a situation where the employee performing an activity that was not her usual or customary duty or duties or scope of employment. The defendant admitted as much, i.e. that the activity may have been unusually precarious for one person under the circumstances. *Id.* at *7. Those facts are not present in the plaintiff's case.

Hence, based on the undisputed facts, the plaintiff has failed to establish a negligence claim against the defendant because the defendant owed no duty under the circumstances.

## V.   CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on November 6, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge